IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell J. McMillan,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-15-02440-PHX-JJT (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Russell J. McMillan has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents assert that the Petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations applicable to state prisoners seeking federal habeas corpus relief. (Doc. 10 at 2.) Alternatively, Respondents argue that federal habeas corpus review of Petitioner's claims is procedurally barred. (*Id.*) Petitioner has filed a reply in support of his Petition. (Doc. 11.) For the reasons below, the Court finds the Petition untimely, recommends that it be dismissed, and does not consider Respondents' alternative arguments.

**I.   Factual and Procedural Background**

　　**A.   Charges, Plea, and Sentencing**

On July 21, 2009, Petitioner was indicted in the Marciopa County Superior Court on one count of manslaughter, a class two dangerous felony (Count One), one count of aggravated assault, a class three dangerous felony (Count Two), one count of

endangerment, a class six dangerous felony (Count Three), and one count of leaving the scene of a fatal injury accident, a class two felony (Count Four). (Doc. 10, Ex. B.) On March 9, 2010, Petitioner pleaded guilty pursuant to a plea agreement to one count of manslaughter, a class two dangerous felony (Count One), and to one count of aggravated assault, a class three dangerous felony (Count Two). (Doc. 10, Exs. C, D.) On April 27, 2010, the trial court sentenced Petitioner to aggravated terms of sixteen years' imprisonment on Count One and nine years' imprisonment on Count Two, with the sentences to run consecutively. (Doc. 10, Ex. G.)

### B. Post-Conviction Review

#### 1. First Post-Conviction Proceeding (of-right proceeding)

On July 29, 2010, Petitioner filed a notice of post-conviction relief in the trial court to commence an "of-right" post-conviction proceeding under Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 10, Ex. I.) The court appointed post-conviction counsel, who later filed a notice stating that he had reviewed the record and was unable to find any viable issues to raise on post-conviction review. (Doc. 10, Exs. J, K.) Counsel requested an extension of time for Petitioner to file a pro se petition. (*Id.*) The court extended the deadline for filing a pro se petition to June 27, 2011, and ordered that post-conviction counsel remain on the case in an advisory capacity. (Doc. 10, Ex. L.) On October 25, 2011, the trial court dismissed the post-conviction proceeding because the June 27, 2011 deadline had passed and Petitioner had not filed a petition. (Doc. 10, Ex. M.) Petitioner did not seek review in the Arizona Court of Appeals.

#### 2. Second Post-Conviction Proceeding

On October 23, 2013, Petitioner filed a notice of post-conviction relief and a petition. (Doc. 20, Exs. N, O.) On December 5, 2013, the court dismissed the petition because it was untimely and successive and did not raise any claims that could be raised in an untimely or successive Rule 32 proceeding. (Doc. 10, Ex. P.) Petitioner sought review in the Arizona Court of Appeals. (Doc. 10, Ex. Q.) On June 30, 2015, the appellate court granted review, but denied relief. (*Id.*)

## C. Federal Petition for Writ of Habeas Corpus

On December 1, 2015, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1.) Petitioner asserts that his sentences are illegal (Ground One), trial and post-conviction counsel were ineffective (Ground Two), and that he was denied the right to correct his illegal sentence (Ground Three). (Doc. 1 at 6-9.) As set forth below, the Court finds that the Petition is untimely and should be dismissed.

## II. Statute of Limitations

### A. Commencement of the Limitations Period

The AEDPA provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). The limitations period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] Therefore, to assess the timeliness of the Petition, the Court determines the date on which Petitioner's conviction became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). By pleading guilty, Petitioner was precluded from pursuing a direct appeal in the Arizona Court of Appeals. *See* Ariz. Rev. Stat. §13-4033(B). Rather, Petitioner could seek review in an "of-right" proceeding under Rule 32, which is the functional equivalent of a direct appeal. *See* Ariz. R. Crim. P. 32.1 and 32.4; *Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) (noting that Arizona courts consider Rule 32 of-right proceedings a form of direct review).

---

[1] The statute of limitations commences on the latest of the dates determined by applying §§ 2244(d)(1)(A) through (D). *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D). Petitioner does not make any allegations indicating that subsections (B) or (C) should apply, or that application of these subsections would result in a starting date for the statute of limitations that is later than the date determined under § 2244(d)(1)(A).

In his Petition, Petitioner asserts that he "discovered new facts about his sentences and trial counsel that allowed [him] to file a second Rule 32." (Doc. 1 at 11.) However, Petitioner does not identify those new facts, state when he discovered those facts, or explain why he was unable to file a timely petition in this Court without the alleged new facts. Therefore, Petitioner's allegations are insufficient to establish a later starting date for the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(D) (stating that the limitations period commences on "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.").

1  On July 29, 2010, Petitioner filed a notice of post-conviction relief to commence a Rule 32 of-right proceeding.[2] (Doc. 10, Ex. I.) The trial court denied relief on October 25, 2011. (Doc. 10, Ex. M.) Petitioner had thirty-five days, until November 29, 2011, in which to seek review in the Arizona Court of Appeals. *See* Ariz. R. Crim. P. 32.9(c) (providing that a petition for review must be filed within thirty days from the final decision in a post-conviction proceeding); Ariz. R. Crim. P. 1.3 (adding five days for mailing). Petitioner did not seek review in the Arizona Court of Appeals.

Because a Rule 32 of-right proceeding is considered a form of direct review, Petitioner's conviction become final for purposes of § 2244(d)(1)(A) upon the expiration the time for seeking further review, November 29, 2011. *See Summers*, 481 F.3d at 711; *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (for purposes of § 2244(d)(1)(A) direct review is final upon conclusion of direct review or the time to seek such review). Therefore, the one-year limitations period commenced the next day, November 30, 2011, and expired one year later, on November 30, 2012. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Because Petitioner did not file his Petition until December 1, 2015, it is untimely unless statutory tolling, equitable tolling, or an exception to the statute of limitations applies.

### B.   Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral

---

[2] Petitioner filed his notice of post-conviction relief three days after the expiration of the deadline for filing that notice. *See* Ariz. R. Crim. P. 32.1, 32.4(a) ("In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding."). However, the trial court accepted it and treated it as timely. Therefore, the Court considers the first post-conviction proceeding timely filed for purposes of applying the AEDPA's statute of limitations.

- 4 -

review is pending in state court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings."). On October 23, 2013, nearly two years after his Rule 32 of-right proceeding was dismissed, Petitioner commenced a second post-conviction proceeding. (Doc. 10, Exs. N, O.) The AEDPA statute of limitations had expired by the time Petitioner commenced his second post-conviction proceeding. Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Therefore, the filing of the second post-conviction proceeding did not toll the limitations period, and the December 1, 2015 Petition is untimely unless equitable tolling or an exception to the statute of limitations applies.

### C. Equitable Tolling or Exceptions to the Limitations Period

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted).

Liberally construing Petitioner's filings, he argues that the statute of limitations should be equitably tolled or extended because (1) post-conviction counsel was ineffective for failing to raise any claims on post-conviction review (Doc. 2 at 4); (2) he is unfamiliar with the law and "could not find help at the time he was required to file" (Doc. 11 at 4); (3) the AEDPA is unconstitutional (Doc. 11 at 5-6); and (4) failure to consider his claims will result in a fundamental miscarriage of justice. (Doc. 2 at 1.) As

set forth below, Petitioner has not established a basis for equitably tolling or extending the statute of limitations.

### 1. Ineffective Assistance of Post-Conviction Counsel

Petitioner argues that equitable tolling should apply because post-conviction counsel was ineffective for failing to present any issues to the trial court. (Doc. 2 at 4; Doc. 11 at 2.) Petitioner cites *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct 1309 (2012), to support his claim. (Doc. 11 at 2.) Petitioner's reliance on *Martinez* to excuse his untimely filing is misplaced. In *Martinez,* the Supreme Court held that, under limited circumstances, ineffective post-conviction counsel could constitute cause to excuse the procedural default of a claim of ineffective assistance of counsel. *Martinez*, 132 S. Ct. at 1315; *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293-95 (9th Cir. 2013) (extending the holding in *Martinez* to claims of ineffective assistance of appellate counsel).

The *Martinez* decision does not address the timeliness of a habeas petition or the tolling of the AEDPA limitations period. *See Wheelwright v. Wofford*, 2014 WL 3851155, at *3 (E.D. Cal. Aug. 5, 2014) ("Although the rule in *Martinez* is an equitable one, it applied only to procedural default issues and does not apply to equitable tolling principles pertinent to the AEDPA limitations issue."); *see also White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (the adequacy analysis used to decide procedural default issues is inapplicable to the determination of whether a federal habeas petition was barred by the AEDPA statute of limitations); *Moreno v. Ryan*, 2014 WL 24151, at *1 (D. Ariz. Jan. 2, 2014) (rejecting the petitioner's claim that *Martinez* delayed the start of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C) and finding that "*Martinez* has no applicability to this action as it does not concern the timeliness of a habeas petition.").

Additionally, assuming counsel during the Rule 32 of-right proceeding failed to recognize issues to present in that proceeding, Petitioner does not explain how those failures prevented him from filing a timely habeas corpus petition in this Court. *See Glen v. Ontiveros,* 2008 WL 2367256, at *8 (D. Ariz. Jun. 6, 2008) (equitable tolling does not

apply when counsel's alleged ineffectiveness does not cause the petitioner to fail to meet the statute of limitations). Accordingly, Petitioner's allegations regarding post-conviction counsel do not justify tolling the limitations period.

### 2. Lack of Legal Knowledge

To support his argument that the statute of limitations should be equitably tolled or extended, Petitioner argues that he did not understand that he could file a petition for post-conviction relief and could not find help during the time that he was required to file a petition for post-conviction relief. (Doc. 11 at 4.) Petitioner's difficulties in filing a petition for post-conviction relief in the state court, do not explain his failure to file a timely petition for writ of habeas corpus in this Court. Additionally, Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir.1999)).

Petitioner's ignorance of the law and indigent status do not distinguish him from the great majority of inmates pursuing habeas corpus relief. Such circumstances are not extraordinary and do not justify tolling the limitations period. "If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitation period, the AEDPA's limitation period would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, 2008 WL 928252, at *4 (E.D. Cal. Apr. 4, 2008); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims nor petitioner's inability to correctly calculate the limitations period were extraordinary circumstances warranting equitable tolling).

### 3. Constitutionality of the AEPDA

Petitioner argues that the Court should disregard the AEDPA's statute of limitations because it violates the Suspension Clause of the Constitution, Article I, § 9. (Doc. 11 at 5-6.) The Ninth Circuit has rejected this argument. *See Green v. White*, 223 F.3d 1001, 1003-04 (9th Cir. 2000) (holding that "the one-year limitation does not per se render the writ of habeas corpus inadequate or ineffective."). The Ninth Circuit explained that the AEDPA's one-year limitations period "does not violate the Suspension Clause because it is not jurisdictional and may be subject to equitable tolling." *Id.* (*citing Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000)). Therefore, the Court rejects Petitioner's assertion that the AEDPA statute of limitations should be ignored because it is unconstitutional.

### 4. Fundamental Miscarriage of Justice

Finally, Petitioner argues that his untimely filing should be excused because failure to consider his claims will result in a fundamental miscarriage of justice. (Doc. 2 at 1.) Petitioner, however, has not established that he has a credible claim of actual innocence that constitutes an equitable exception to the one-year statute of limitations. In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013), the Supreme Court recognized an exception to the AEDPA statute of limitations for a claim of actual innocence. The Court adopted the actual innocence gateway previously recognized in *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), for excusing the bar to federal habeas corpus review of procedurally defaulted claims. *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup*, 513 U.S. at 937-38.)

The rule announced in *McQuiggin* does not provide for an extension of the time statutorily prescribed, but instead is an equitable exception to § 2244(d)(1). *McQuiggin*, 133 S. Ct. at 1931. Actual innocence, if proven, merely allows a federal court to address the merits of a petitioner's otherwise time-barred constitutional claims; the Supreme Court has not yet addressed whether "a freestanding claim of actual innocence" provides a separate basis for granting habeas relief. *Id*.

To pass through the *Schlup* gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 316. *Schlup* requires a petitioner 'to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial.'" *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (quoting *Schlup*, 513 U.S. at 324). Petitioner has not presented new evidence and has not shown that failure to consider his claims will result in a fundamental miscarriage of justice. (Docs. 1, 2, 11.) Thus, he has not met *Schlup's* high standard and this exception does not excuse his untimely filing.

## III. Conclusion

Petitioner did not file the pending Petition until December 1, 2015, three years after the statute of limitations expired. Therefore, the Petition is untimely. Furthermore, Petitioner is not entitled to statutory or equitable tolling, and has not established that an exception to the limitations period should apply. Accordingly, the Petition should be denied as untimely. Therefore, the Court does not consider Respondents' alternative grounds for denying habeas corpus relief.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's

judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6, 72.  The parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

Dated this 9th day of March, 2016.

_____
Bridget S. Bade
United States Magistrate Judge