NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell J. McMillan, | No. CV-15-02440-PHX-JJT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation (R&R) submitted by Magistrate Judge Bade in this matter (Doc. 12), recommending that the Court dismiss Russell J. McMillan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) as untimely. Petitioner has filed a Response (Doc. 13). Respondents have waived their right to a reply.

Because Judge Bade's recitation of facts and the record both in Arizona State court and in this Court is so thorough, the Court will not recount this history here. A review of the supporting materials supports Judge Bade's recommendation that the Petition is untimely by more than two years. Petitioner had one year after his matter in the Arizona State court became final "by the conclusion of direct review or the expiration of the time for seeking such review" to file his petition for federal habeas review. 28 U.S.C. § 2244(d)(1)(A). Finality thus set in on November 29, 2011, when the Arizona State trial court had denied relief on his Rule 32 of-right proceeding and he did not seek appellate review of that decision within the 35 days thereafter. Section 2244(d)(1)(A)'s

1. one-year limit thus expired a year later on November 29, 2012, and Judge Bade correctly concluded that no statutory or equitable tolling applied. Petitioner's subsequently-filed second post-conviction petition did not restart the limitation period. He did not file his § 2254 petition until December 1, 2015—two years and two days late.

Petitioner argues in his Response that AEDPA is unconstitutional, but in so doing he ignores the case law Judge Bade sets forth in the R&R to defeat that argument. *See Green v. White*, 223 F.3d 1001, 1003-04 (9th Cir. 2000). He also argues it was error for Judge Bade to ignore the merits of his petition and only address the timeliness issue. But courts do not reach the merits of a matter where the law instructs them to address procedural requirements, including timeliness and statutes of limitation, before reaching the merits, and then to dismiss those matters that do not meet procedural thresholds on that basis. There is no error in Judge Bade's approach. The Court adopts it in whole.

**IT IS ORDERED** adopting the R&R in whole and denying and dismissing the Petition for Writ of Habeas Corpus (Doc. 1).

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal, as the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 26th day of April, 2016.

Honorable John J. Tuchi
United States District Judge